Constance Van Kley
Rylee Sommers-Flanagan
 Upper Seven Law
 P.O. Box 31
 Helena, MT 59624
 (406) 306-0330
 constance@uppersevenlaw.com
 rylee@uppersevenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| STACEY JOHNSON,<br><br>*Plaintiff*,<br><br>vs.<br><br>XAVIER BECERRA, as Secretary of the Department of Health & Human Services; the UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, a federal department; CAROLE JOHNSON, as Administrator of the Health Resources & Services Administration; and the HEALTH RESOURCES & SERVICES ADMINISTRATION, a federal agency,<br><br>*Defendant.* | Cause No. _____<br><br>**Complaint** |

## INTRODUCTION

1. Plaintiff Stacey Johnson seeks to set aside a final decision by the Health Resources & Services Administration (the "Administration"), an agency within the United States Department of Health & Human Services (the "Department"). Plaintiff further asks the Court to delay the effective date of the final decision pending resolution of this lawsuit pursuant to the Administrative Procedure Act, 5 U.S.C. § 705.

2. Johnson is a Nurse Practitioner in Great Falls, Montana. A few months after graduating from a remote nursing program, Johnson signed a contract to participate in a federal program overseen by the Health Resources & Services Administration (the "Administration"), an agency within the United States Department of Health & Human Services (the "Department"). The program provides scholarships to students and loan repayment grants to recent graduates.

3. Pursuant to the contract, Johnson agreed to work as a Nurse Practitioner at a designated site for two years in exchange for a $50,000 grant for student loan repayment. Johnson incurred substantial student loan debt to become a Nurse Practitioner.

4. Through no fault of her own—indeed, due to her unwillingness to violate federal law and medical ethics—Johnson has become unable to fulfill the terms of the contract without uprooting her family from their home in Great Falls.

5. The Administration nonetheless refuses to terminate Johnson's service obligation and instead seeks to enforce punitive measures against Johnson in the form of treble damages. The Administration's refusal to waive Johnson's service obligation violates the Administrative Procedure Act because it is based on a misinterpretation of federal law. The Administration's imposition of treble damages further violates the Administrative Procedure Act because it amounts to punishment despite the absence of wrongdoing, in violation of the Excessive Fines Clause of the Eighth Amendment.

## JURISDICTION AND VENUE

6. Plaintiff brings this action under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 704. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the issues in controversy arise under the Constitution and laws of the United States.

7. This Court has the authority to enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and injunctive relief under Federal Rule of Civil Procedure 65.

8. This Court has personal jurisdiction over Defendants as agents of the United States.

9. Venue is proper in the Great Falls Division of the District of Montana because Plaintiff Johnson resides in Cascade County, Montana, no real property is involved in this action, and Defendants are officers or employees of the United States. 28 U.S.C. § 1391(e)(1); D. Mont. L.R. 3.2(b).

## PARTIES

10. Plaintiff Stacey Johnson is an adult resident of Cascade County, Montana. Johnson is a Certified Nurse Practitioner, Advanced Practice Registered Nurse.

11. Defendant Xavier Becerra is the Secretary of the United States Department of Health & Human Services.

12. Defendant Carole Johnson is the Administrator of the United States Health Resources & Services Administration.

13. The Department of Health & Human Services ("Department") houses the Health Resources & Services Administration ("Administration").

14. The Administration oversees National Health Service Corps ("Corps") loan and grant applications and requests for waivers of service obligations.

15. Both the Department and the Administration are "agencies" within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551(1) (with certain inapplicable exceptions, an "agency" is "each authority of the Government of the United States, whether or not it is within or subject to review by another agency").

16. Collectively and individually, the Department and the Administration are referred to as the "Agency" throughout this Complaint.

## FACTUAL ALLEGATIONS

17. Stacey Johnson has lived in Great Falls, Montana, for over 17 years. She began her career in healthcare in 2008, working as a Phlebotomist and then as a Registered Nurse while advancing her education. She earned an Associate's Degree in Science from the Great

Falls College of Technology in 2010, an Associate's Degree in Nursing from Montana State University–Northern in 2012, and a Bachelor's Degree in Nursing from the Chamberlain College of Nursing in 2016.

18. In January 2018, Johnson enrolled in a remote program offered by Georgetown University to begin the process of attaining her Master's Degree and becoming a Family Nurse Practitioner. She graduated in November 2019 and was licensed as an Advanced Practice Registered Nurse by the Montana Board of Nursing shortly thereafter.

19. Johnson carries more than $215,000 in student loan debt. Her monthly student loan bills total nearly $2,500.00.

20. Johnson took a position as a Nurse Practitioner at Alluvion Health Center ("Alluvion") in Great Falls in early 2020. At Alluvion, Johnson learned that many of her colleagues had participated in or were participating in the Corps, which provides scholarships and grants to students in health professions in exchange for a commitment to serve a term of years at a site approved by the Corps.

21. Alluvion is a Corps-approved site.

22. Johnson applied for a scholarship to repay her student loans through the Corps' Loan Repayment Program (the "Program"),

anticipating that she would fulfill her service obligation through her job at Alluvion.

23. Shortly after beginning work as a Nurse Practitioner at Alluvion and submitting her application, Johnson's supervisor and mentor reported Alluvion for misappropriation of federal funds. Johnson's supervisor was fired and later received a settlement for wrongful discharge. Johnson was fired shortly thereafter in retaliation for the perception that she had contributed to her supervisor's report.

24. Because she was no longer working at a Corps-approved site, Johnson immediately withdrew her Program application.

25. Johnson applied for and received work as a Nurse Practitioner at a second Corps-approved site shortly thereafter, in May 2020. Because Johnson found another position quickly, she did not pursue a claim for wrongful discharge against Alluvion.

26. Johnson resubmitted her Program application, as she again was working at a Corps-approved site.

27. Johnson's application was approved, and Johnson and Agency entered into the Program contract. The contract was fully executed on July 1, 2020. Pursuant to the Program's terms, because Johnson had

more than $50,000 in student loans, the Secretary of Health and Human Services agreed to pay $50,000 for 2 years of full-time clinical practice at an approved site. In exchange, Johnson agreed to work at an approved site for the next 2 years, believing at the time that she would remain employed at a Corps-approved site.

28. The Program loan repayment grant was transferred to her bank account on September 25, 2020.

29. Johnson was constructively discharged from her employment at the second site on October 4, 2020, as a result of Johnson's refusal to violate the law and medical ethics.

30. Johnson's employment at the second site terminated nine days after the loan repayment grant of $50,000 was transferred to her bank account.

31. The day after Johnson left the second site—and only 10 days after receiving the $50,000 grant—Johnson requested in writing to terminate her contract and return the full grant.

32. Johnson held the money in her bank account with the intent to return the grant.

33. The Agency denied Johnson's request.

34. No other Corps-approved site is located within commuting distance of Great Falls, where Johnson lives with her husband and two children, currently aged six and one.

35. Johnson continues to work in the same field and to serve underserved patients within the Great Falls community—which has been designated by the Agency as a "Health Professional Shortage Area." Johnson works at the Montana Arthritis Center; although this facility is a for-profit facility (disqualifying it from Corps approval), approximately half of its patients are insured through Medicaid and Medicare.

36. Johnson sought a waiver from her service obligation, following the procedures required by the Agency. Following the initial denial of her waiver request, Johnson filed a renewed request through counsel. Johnson additionally received service obligation suspensions due to COVID-19 related disruptions, which were available to all Program participants. During this time, Johnson was not determined to be in breach of the Program contract.

37. The Agency denied Johnson's renewed request for a waiver from her service obligation on March 31, 2022. Johnson's final COVID-

19-related service obligation suspension expired on April 4, 2022. The Agency has calculated Johnson's projected breach date as April 5, 2022.

38. Because Johnson is unable to complete the Program's terms, she will, upon a determination by the Agency that she is in default, be required to: (1) return the grant; (2) pay treble damages; and (3) pay interest at the maximum legal rate (determined by the agency to be 9.375% annually), compounded daily.

39. The Agency credited Johnson for her work at a Corps-approved site from July 1, 2020, through October 2, 2020. It accordingly has calculated the remaining grant principal as $37,054.79. The Agency has calculated treble damages as $135,000. The Agency has calculated the total estimated amount to be paid as $172,054.79, plus interest.

40. Although Johnson is unable to return the loan or pay treble damages until the Agency declares her account to be in default, the Agency will impose interest on the loan principal and the treble damages from April 5, 2022, forward absent relief from this Court.

41. At the annual interest rate of 9.375%, compounded daily, Johnson must pay $16,908.16 every year in interest. In interest alone,

Johnson must pay $1,409.00 a month simply to avoid increasing the principal.

## LEGAL & REGULATORY BACKGROUND

42. Through the Emergency Health Personnel Act, Congress established the Corps in 1970. Pub. L. 91-623, Dec. 31, 1970, 84 Stat. 1868.

43. The current version of the law provides that, when a Program participant does not compete her service obligation,

> the United States shall be entitled to recover from the individual an amount equal to the sum of—
>
> (A) The total of the amounts paid by the United States . . . for any period of obligated service not served;
>
> (B) An amount equal to the product of the number of months of obligated service that were not completed by the individual, multiplied by $7,500; and
>
> (C) The interest on the amounts described in subparagraphs (A) and (B), at the maximum legal prevailing rate . . . from the date of the breach[.]"

42 U.S.C. § 254o(c)(1).

44. By statute, Congress has delegated rulemaking authority to the Secretary to "provide for the partial or total waiver or suspension of any obligation of service or payment by [a participant] whenever

Complaint 11

compliance by the individual is impossible or would involve extreme hardship to the individual and if enforcement of such obligation with respect to any individual would be unconscionable." 42 U.S.C. § 254o(d)(2).

45. Under the implementing regulations, "[c]ompliance . . . will be considered impossible if the Secretary determines . . . that the participant suffers from a physical or mental disability resulting in the permanent inability of the participant to perform the service or other activities which would be necessary to comply with the obligation." 42 C.F.R. § 62.12(c).

46. Under the implementing regulations:

> In determining whether to waive or suspend any or all of the service or payment obligations of a participant as imposing an undue hardship and being against equity and good conscience, the Secretary, on the basis of information and documentation as may be required, will consider:
>
> (1) The participant's present financial resources and obligations;
>
> (2) The participant's estimated future financial resources and obligations; and
>
> (3) The extent to which the participant has problems of a personal nature, such as physical or mental disability, terminal illness in the immediate family which so intrude on the participant's present and future ability to perform as to raise a presumption that the individual will be unable to perform the obligation incurred.

*Complaint* 12

42 C.F.R. § 62.12(d).

47. The Agency reached a final decision when it denied Johnson's renewed request for a waiver of her service obligation. There is no Agency appeal process available from such a denial.

48. The Agency's denial of Johnson's waiver request and imposition of treble damages is reviewable under the Administrative Procedure Act, 5 U.S.C. § 706.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the Administrative Procedure Act
The Agency's final decision violates
the Excessive Fines Clause.

49. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Excessive Fines Clause thus 'limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense.'" *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quoting *Austin v. United States*, 509 U.S. 602, 609–610 (1993)).

50. The Excessive Fines Clause applies to "civil penalties imposed by federal law." *Pimentel v. City of L.A.*, 974 F.3d 917, 922 (9th Cir.

2020) (applying Clause to municipal parking tickets and late payment penalty); see *United States v. Mackby*, 261 F.3d 821, 830–31 (9th Cir. 2001) (Clause applies to civil sanctions and treble damages under the False Claims Act); *Balice v. U.S. Dep't of Agriculture*, 203 F.3d 684, 689–99 (9th Cir. 2000) (Clause applies to civil fines under Agricultural Marketing Agreement Act); see also *Vasudeva v. United States*, 214 F.3d 1155, 1161–62 (9th Cir. 2000) (assuming without deciding that civil monetary penalties for federal food stamp trafficking are "fines" within meaning of Clause).

51.   The Excessive Fines Clause applies to the imposition of treble damages against Johnson for her breach of the Program contract. "The very idea of treble damages reveals an intent to punish past, and deter future, unlawful conduct." *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 639 (1981). Treble damages are "essentially punitive in nature." *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 784–86 (2000).

52.   By deciding to impose treble damages against Johnson— damages that are "grossly disproportional to the gravity of the

defendant's offense"—the Agency has violated the Excessive Fines Clause of the Eighth Amendment. *Bajakajian*, 524 U.S. at 336–37.

53. Thus, the Agency's action should be "h[e]ld unlawful and set aside" as "not in accordance with law" and "contrary to constitutional right." 5 U.S.C. § 706(2)(A) & (B).

### COUNT II: Violation of the Administrative Procedure Act
### The Agency's final decision is based on a misinterpretation of statutory law.

54. By statute, the Agency is "entitled" to recover loan grants, impose treble damages, and assess interest. 42 U.S.C. § 254o(c)(1). The term "entitled" is permissive rather than mandatory, suggesting that the statutory language outlines the maximum penalty allowed by law—not the minimum.

55. The Agency's own regulations similarly provide that it may "waive or suspend *any or all* of the service or payment obligations of a participant" under certain circumstances. 42 C.F.R. § 62.12(d) (emphasis added).

56. In contrast to the plain language of the statute and implementing regulation, the Agency wrote in its denial of Johnson's

*Complaint* 15

waiver request that it is "unable to modify the default damages," which "are mandated by statute."

57.     The Agency is, in fact, able to modify damages. The Agency expressly is authorized to grant a partial waiver of a service obligation or partial suspension of a payment obligation.

58.     The Agency's final decision rests on a misinterpretation of statutory law and its own regulations. It therefore should be "h[e]ld unlawful and set aside" as "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

    a.    Grant preliminary relief to Plaintiff by staying the effective breach date pending final determination under 5 U.S.C. § 705 ("the reviewing court . . . may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings");

    b.    Grant permanent relief to Plaintiffs by:

      i. Declaring the imposition of treble damages and additional interest unlawful as applied to Plaintiff Johnson and ordering Defendants to: accept repayment of the original loan amount from Plaintiff Johnson, relieve Plaintiff Johnson from her service obligation, and release Plaintiff Johnson from her contract; or, in the alternative,

      ii. declaring that the agency erred in its analysis of Plaintiff Johnson's waiver request and remanding for further agency proceedings; and

c. Award Plaintiffs their costs, disbursements, and reasonable attorneys' fees incurred in bringing this action, pursuant to 28 U.S.C. § 2412.

Respectfully submitted this 9th day of June, 2022.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee K. Sommers-Flanagan
Upper Seven Law

*Attorneys for Plaintiff*